CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBIN ELIZABETH WRIGHT, | ) | Civil Action No. 7:10cv126 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | By: James C. Turk |
| Defendant. | ) | Senior United States District Judge |

The plaintiff, Robin Elizabeth Wright ("Wright"), was denied disability benefits and supplemental security income benefits by the Commissioner of Social Security (Commissioner). Wright appealed the decision to this Court, and the matter was referred to United States Magistrate Judge B. Waugh Crigler for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On February 14, 2011, the magistrate judge issued an opinion recommending that the Court affirm the Commissioner's decision denying benefits. On February 25, 2011, Wright filed her objections to the magistrate judge's recommendations. The Court heard oral arguments on April 28, 2011. For the following reasons, the magistrate judge's Report and Recommendation will be adopted in full.

I.

The magistrate judge concluded that substantial evidence supports the Commissioner's decision that Wright does not satisfy the Social Security Act's entitlement conditions for Disability Insurance Benefits and Supplemental Security Income. Wright raises four objections to the magistrate judge's Report and Recommendation. First, she argues that the Administrative

1

Law Judge ("ALJ") erred in giving little weight to her treating doctor's opinion. Second, Wright contends that substantial evidence does not support the ALJ's finding that she can perform a full range of light work. Third, the plaintiff claims that the ALJ improperly found her allegations of incapacity to work to be incredible. Finally, Wright claims that if the ALJ properly considered the limitations she claimed, then she would have found that there is no work in the national economy that plaintiff is capable of performing.

## II.

The court reviews de novo the magistrate judge's Report and Recommendation. See 28 U.S.C. § 637(b)(1) (2000). The court must determine whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. See 42 U.S.C. § 405(g) (2000). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

As the presiding officer at the administrative hearing, the ALJ makes factual determinations and resolves evidentiary conflicts. Hines v. Bowman, 872 F.2d 56 (4th Cir. 1989). The court gives deference to the ALJ's factual determinations and reviews them only for clear error. Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). This inquiry asks whether the claimant (1) is working; (2) has a severe impairment; (3) has an

impairment that meets or equals the requirements of a listed impairment; (4) can return to his or her past relevant work; and if not, (5) whether he or she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520).

If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Once the claimant has established a prima facie case for disability, the burden then shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform alternative work that exists in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4thCir. 1975).

### III.

After conducting a de novo review of the administrative record, the Court accepts the magistrate judge's Report and Recommendation and finds that the Commissioner's conclusion that Wright does not satisfy the Social Security Act's entitlement conditions is supported by substantial evidence. In making this finding, the court overrules Wright's objections to the Report and Recommendation. These objections will be addressed in turn.

A. The ALJ Did Not Err in Determining the Weight to Give Plaintiff's Treating Physicians

The ALJ is responsible for considering the medical opinions of record and determining the weight to give to each opinion. 20 C.F.R. §§ 404.1527, 416.927. In determining the weight to give to a medical opinion, an ALJ is to consider factors such as the degree to which an opinion is supported by relevant evidence and is consistent with the record as a whole. 20 C.F.R. §§ 404.1527(d)(3)-(4), 416.927(d)(3)-(4). The ALJ considered the correct factors in determining

3

that Dr. Bradley's opinion and Dr. Zhang's opinion should be accorded little weight, and substantial evidence supports her decision. First, Dr. Bradley's opinion was not supported by the objective medical evidence in his treatment records of the plaintiff. (R. 23.) Dr. Bradley's treatment notes show that he diagnosed Wright with "mild back tenderness" on December 15, 2006, (R. 238), and that he reported that Lortab treated the pain in her back and her legs (R. 236). Dr. Bradley also noted that Wright had full range of motion in her shoulders and neck. Likewise, Dr. Zhang's opinion is not supported by his treatment record. Dr. Zhang's treatment notes show that plaintiff had normal muscle bulk and tone. She had almost full muscle strength in her right biceps and deltoid and full muscle strength in the rest of her muscles. (R. 215)

B. Substantial Evidence Supports the ALJ's Finding That Wright Can Perform a Full Range of Light Work

The ALJ found that Wright had the Residual Functional Capacity ("RFC") to perform a full range of light work based on evidence in the record, including the finding of the state agency physicians. The RFC finding of the state agency physicians was supported by objective clinical findings and was not inconsistent with other evidence. The state agency physicians' RFC was based on findings that Wright could frequently lift and carry 10 pounds; could sit, stand, or walk for about six hours per day; and could occasionally stoop, crawl, kneel, or crouch. (R. 22.) Contrarily, Dr. Bradley's RFC finding was based on the severity of Wright's diabetic neuropathy and constant chronic pain, even though his records do not show that she was diagnosed with diabetic neuropathy and her pain was controlled with medication. (R. 22.)

C. The ALJ Did not Err by Finding Plaintiff's Subjective Complaints were not Entirely Credible

This Court reviews the ALJ's decision under the substantial evidence standard. Under the substantial evidence standard, the Court does "not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). This Court does not make credibility determinations, and the ALJ's credibility determination is supported by substantial evidence. First, the plaintiff's claims of severe pain contradict treatment records that report her pain was controlled by medication. (R. 214, 265.) Second, plaintiff participates in activities that are inconsistent with severe pain. She cared for two toddlers for a seven month period and performed normal household tasks and activities of daily living. (R. 24, 149-53.)

D. The ALJ Properly Relied on the Testimony of the Vocational Expert in Determining that There is Work in the National Economy that Plaintiff Can Perform

Plaintiff contends that the ALJ should accept her claims of disability when determining whether work that plaintiff can perform exists in the national economy. However, the ALJ properly determined not to accept all of plaintiff's claims of limitations. Therefore, the ALJ may rely on the hypothetical question that she posed to the vocational expert ("VE") because it accurately sets forth the plaintiff's limitations as determined by the ALJ. When posed the hypothetical question that accurately stated plaintiff's limitations, the VE testified that a person with Wright's limitations could perform jobs that exist in the national economy and in Virginia. (R. 26.) The ALJ specifically rejected the hypothetical questions posed by plaintiff's attorney because they were not supported by objective medical evidence. (R. 26.)

IV.

After a de novo review of the record, the Court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standards.

Accordingly, the Court will adopt the magistrate judge's Report and Recommendation in full and overrule Wright's objections. An appropriate order shall this day issue.

The clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTER: This 11th day of May, 2011.

*James C. Sur*

Senior United States District Judge